UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Integon National Insurance Company, | Case No. 2:25-cv-01538-CDS-EJY |
| Plaintiff | **Order Granting the Plaintiff's Motion for Default Judgment** |
| v. | |
| Lam Hung Doan, | [ECF No. 9] |
| Defendant | |

Plaintiff Integon National Insurance Company seeks entry of default judgment against defendant Lam Hung Doan, who has not appeared in this action. Mot., ECF No. 9. Having reviewed Integon's motion and attached exhibits, I find that it is entitled to such relief so its motion for default judgment against Lam Hung Doan is granted.

I.    Discussion[1]

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

---

[1] As a threshold matter, I briefly address jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (the court sua sponte considered jurisdiction and explained that "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."). This court has jurisdiction to hear this matter because the parties are diverse, and Integon's declaratory relief claims arise from its potential liability to a third party, Christopher Cruz, not just from the $25,000.00 limit on Doan's policy with Integon. *See* March 21, 2025 letter, Pl.'s Ex. 8, ECF No. 9-8 at 2 (explaining that based on Integon's investigation, the damages or injuries may exceed the limits of liability under the policy—that is, Cruz has incurred over $300,000.00 in medical expenses); *see also Jackson v. Am. Bar Assoc.*, 538 F.2d 829, 831 (9th Cir. 1976) (explaining that when the complaint seeks declaratory relief, "the amount is not what might have been recovered in money, but rather the value of the right to be protected or the extent of the injury to be prevented"). Because Cruz suffered injury and incurred medical costs exceeding $75,000.00, the amount is not speculative, and I find that the amount in controversy meets diversity jurisdiction requirements. Second, this court has personal jurisdiction over Doan because the incident giving rise to the cause of action occurred in Nevada—that is, it is alleged that Doan ran over Cruz in Nevada. *See* State compl., Pl.'s Ex. 2, ECF No. 9-2 at 3.

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
(b) Entering a Default Judgment.
　　(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
　　(2) By the Court. In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(a)–(b). As the Ninth Circuit has clarified, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and 55(b) provide a two-step process for obtaining a default judgment); *Cramer v. Target Corp.*, 2010 WL 2898996, at *1 (E.D. Cal. July 22, 2010) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment.").

Here, Integon has satisfied both steps under Rule 55. First, Integon moved for entry of default against Doan on December 4, 2025. Mot. for default, ECF No. 7. The Clerk of the Court entered default on December 5, 2025. Default, ECF No. 8. Second, Integon moved for default judgment against Doan on January 21, 2026. ECF No. 9.

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages.[2] Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The allegations in the complaint are as follows. On February 13, 2024, Doan was in a motor vehicle accident with a third party, Christopher Cruz. ECF No. 1 at 3, ¶ 8. Doan was a named insured under an automobile liability

---

[2] Because Integon seeks only declaratory relief, a damages determination is unnecessary.

policy insurance issued by Integon.[3] *Id.* The bodily injury liability policy had limits of $25,000.00 per person. *Id.* at ¶ 10.

On March 7, 2024, Integon opened a claim file as soon as Cruz's counsel notified Integon of the loss that resulted from the car accident. *Id.* at ¶ 11. On May 7, 2024, Integon provided a letter to Doan that included an affidavit of no assets for Doan's review and execution. *Id.* at ¶ 12. At some point, Doan signed this letter. *Id.*

On May 10, 2024, Cruz's counsel sent a "time limited demand" ("the demand"), requesting an affidavit of no assets and enclosing his own form for the same. *Id.* at 3, ¶ 13. That same day, Integon sent a letter to Doan informing him of the demand and enclosing Cruz's version of the affidavit of no assets. *Id.* at ¶ 14. On June 7, 2024, Integon sent a letter to Cruz accepting the $25,000.00 demand. *Id.* at 4, ¶ 15. Therein, Integon explained that the prior affidavit signed by Doan was tendered, but that it was still waiting for Cruz's version of the affidavit to be returned by Doan. *Id.* At some point, Cruz's counsel rejected Integon's acceptance of the demand, stating that the failure of Doan to provide its version of the affidavit of no assets constituted rejection of the settlement demand. *Id.* at ¶ 16. As alleged, Cruz is asserting that Doan's insurance policy is "opened up" with no policy limits in effect. *Id.* Integon further alleges that even though it tried to communicate with Doan, he did not respond nor cooperate with the defense of the third-party claim against him.

On February 11, 2025, Cruz filed a negligence claim against Doan for bodily injury damages in the Eighth Judicial District Court, County of Clark, Nevada (Case No. A-25-912396-C). *Id.* at 3, ¶ 9. Based on those allegations, Integon seeks declaratory relief that (1) it is not obligated to pay bodily injury liability limits beyond the $25,000.00 provided to Doan; (2) it is not obligated to pay punitive damages in the underlying action (Case No. A-25-912396-C); and (3) it is not liable for any extracontractual claims as a result of its conduct in the adjustment of the claim and defense of the underlying suit, which includes claims for breach of implied

---

[3] The policy number was 2021650129. *See* Insurance policy, Pl.'s Ex. 1, ECF No. 9-1.

covenant of good faith and fair dealing/bad faith or any violation of Nevada's Unfair Claims Practices Act. ECF No. 9 at 12. The defendant has not responded to the motion or otherwise appeared in this action.

Under *Eitel v. McCool*, the following factors are considered in determining whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### A.  Factor one: prejudice to Integon

The first *Eitel* factor favors default judgment. Doan failed to defend this action so Integon will be prejudiced if judgment is not entered as it has no other means to litigate its claim. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Potential prejudice to Plaintiffs favors granting a default judgment. If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Thus, this factor weighs in Integon's favor.

### B.  Factor two and three: the merits of the claims and sufficiency of the complaint

The second and third *Eitel* factors favor default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978). To weigh these factors, I must evaluate the sufficiency of the complaint and the merits of Integon's request for declaratory relief.

Integon is seeking declaratory relief that it is not obligated to pay bodily injury liability limits beyond $25,000 limits. ECF No. 9 at 12. To support its motion for default judgment and allegations in its complaint, Integon attaches a copy of the demand letter sent by Cruz's counsel. *See* May 7, 2024 letter, Pl.'s Ex. 4, ECF No. 9-4 at 2. Therein, counsel demanded that Integon tender the policy limits and execute the enclosed affidavit attesting that no other insurance

coverage was available to cover the loss. *Id.* On May 10, 2024, Integon sent a letter to Doan explaining the policy limits under the policy (2021650129) and also providing Doan with a copy of Cruz's settlement demand letter. May 10, 2024 letter, Pl.'s Ex. 5, ECF No. 9-5 at 2. Integon also explained in the letter that Doan was required to timely complete Cruz's affidavit and return it to Integon. *Id.* On June 7, 2024, Integon sent a letter to Cruz stating that it accepted the demand of policy limits, which are $25,000, and inquired about the payment of the claim as well as any outstanding medical liens that have occurred from the loss. June 7, 2024 letter, Pl.'s Ex. 6, ECF No. 9-6 at 2. On March 21, 2025, an Integon adjuster that was reassigned to the claim sent a letter to Doan explaining that the claims for damages or injuries might exceed the policy's liability limits. ECF No. 9-8 at 2. Integon explained to Doan that Cruz incurred over $300,000 in medical expenses. *Id.* Integon further explained to Doan that Cruz's attorney had advised that he would not settle the claim for the policy limits. *Id.* Because Integon has sufficiently pled allegations to support its request for declaratory relief in its complaint and has provided supporting evidence in its motion for default judgment, both factors two and three also weigh in favor of granting default judgment.

### C.  Factor four: there is no money at stake, rather declaratory relief

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendants' conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010)); *see also PepsiCo*, 238 F. Supp. 2d at 1176. Here, the plaintiff seeks declaratory judgment but not any money. *See* ECF No. 9.  Other judges in this district have found, and I agree, that "[t]he fourth *Eitel* factor . . . favors entering default judgment [when] there is no sum of money at stake." *Ditech Fin. LLC v. Northgate Homeowners Ass'n*, 2018 WL 2943441, at *3 (D. Nev. June 12, 2018); *Bank of Am., N.A. v. Giavanna*

*Homeowners Ass'n*, 2020 WL 3100826, at *3 (D. Nev. June 11, 2020). Thus, this factor also weighs in favor of entry of default judgment.

### D. Factor five: the possibility of a dispute concerning material facts

The fifth *Eitel* factor weighs the possibility of a dispute regarding facts material to the case. *PepsiCo.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). Integon has sufficiently pleaded facts surrounding the policy limits and its efforts to communicate with Doan before initiating this action; therefore, no factual dispute precludes entry of judgment. The defendant has not appeared to rebut any of Integon's allegations, and although he had the opportunity to dispute whether Integon's liability should be limited to the policy limits, he chose not to do so. Consequently, there are no disputed issues of fact before the court, so this fifth factor weighs in favor of entry of default judgment.

### E. Factor six: the possibility of excusable neglect

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *PepsiCo.*, 238 F. Supp. 2d at 1177. No evidence before me suggests that Doan failed to respond due to excusable neglect. Thus, the sixth *Eitel* factor also weighs in favor of entry of default judgment. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a defendant that failed to appear in the action).

### F. Factor seven: the policy of resolving cases on the merits

Finally, the seventh *Eitel* factor considers the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But here, Doan's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering one. "A

decision on the merits is desirable, but under these circumstances, default judgment is warranted." *Nevada Prop. 1, LLC v. Kiwibank Ltd.*, 2020 WL 5633048, at *2 (D. Nev. Sep. 21, 2020).

II.    **Conclusion**

IT IS HEREBY ORDERED that the plaintiff's motion for default judgment **[ECF No. 9]** is GRANTED.

Declaratory judgment is entered against Lam Hung Doan with Integon National Insurance Company as the prevailing party. Integon is not obligated to pay beyond the $25,000.00 provided to Doan for his bodily injury liability limits; it is not obligated to pay punitive damages in the underlying action (Case No. A-25-912396-C); and Integon is not liable for any extracontractual claims as a result of its conduct in the adjustment of the claim and defense of the underlying suit, which includes claims for breach of implied covenant of good faith and fair dealing/bad faith or any violation of Nevada's Unfair Claims Practices Act.

The Clerk of Court is kindly instructed, after entering judgment accordingly, to close this case.

Dated: May 15, 2026

_____
Cristina D. Silva
United States District Judge

7